BARTL, Respondent, vs. C. H. STARKE DREDGE & DOCK COMPANY, Appellant.

*November 18—December 9, 1913.*

*Appeal: Review: Questions of fact.*

The circuit court's determination on a pure matter of fact will not be disturbed upon appeal unless the record presents manifest error. So *held* in a case where the circuit court, on appeal from the civil court of Milwaukee county, reversed a judgment of nonsuit and ordered a new trial on the ground that the evidence fairly presented a case for a jury.

APPEAL from an order of the circuit court for Milwaukee county: F. C. ESCHWEILER, Circuit Judge. *Affirmed.*

Action to recover compensation for a personal injury. It

was claimed that while plaintiff and another were stationed on a stack of spiles to guide spiles to a proper location thereon as they were, by a long-armed crane, having a chain with grappling tongs at the far end, lifted to the region above the stack and lowered down, the operation being conducted by an engineer stationed some distance from the men and where he could not readily observe plaintiff, the latter was injured by a spile, without the customary warning, being suddenly dropped on the stack. The cause was first tried in the civil court of Milwaukee county. There, judgment of nonsuit was rendered upon the ground of failure of proof of the attachment to the spile being unloosened by the engineer without signal, or evidence to warrant a reasonable conclusion that the spile was suddenly and without warning dropped by the act of the engineer. Plaintiff appealed to the circuit court. There the judgment of the civil court was reversed and a new trial ordered; it being held that the evidence fairly presented a case for a jury. Defendant appealed.

For the appellant there was a brief by *Burr J. Scott,* attorney, and *Lawrence A. Olwell,* of counsel, and oral argument by *Mr. Scott.*

For the respondent there was a brief by *McCabe & Dahlman,* and oral argument by *L. A. Dahlman.*

MARSHALL, J. The order must be affirmed. The evidence has not been examined with a view of determining, from an original standpoint and by carefully balancing of probabilities, whether the decision of the civil court be right. No such treatment of cases of this sort can ordinarily be expected. It is useless to appeal from a circuit court's determination on a pure matter of fact, unless the record presents manifest error. Appreciation that, under our judicial system, the trial, or first court of review, on mere matters of fact, is practically supreme in all ordinary cases, will greatly promote the speedy economical termination of litigation. To

come here, unless counsel are pretty clearly convinced of there being no room whatever in the evidence for the decision of the circuit court, in general, means mere delay and waste, both public and private.

The record in this case comes quite short of showing error within the field above indicated.  It has been examined to the point of convincing this court of that and there the investigation rests.  It is not thought best, ordinarily, to review, analyze, and weigh the evidence in an opinion in such a case, stating at length and with precision just how the conclusion was reached here.  This case has no distinguishing characteristics to render it an exception.  It is a very ordinary instance of the circuit court thinking the evidence to be open to reasonably conflicting inferences on the vital matter of fact, requiring the question of which is the proper inference to be submitted to the judgment of a jury.  In that field, in general, the circuit court will not be overruled even if here, viewing the evidence from an original standpoint, it seems probable that a different decision might be better supported.  There must be practicably no reasonable warrant for the decision or it will not be disturbed.

*By the Court.*—The order is affirmed.